## THE EAST ST. LOUIS CONNECTING RAILWAY COMPANY
### *v.*
### CALVIN REAMES.

*Opinion filed June 18, 1898.*

1. SPECIAL FINDINGS—*when special finding is not inconsistent with general verdict.* In an action for an injury received by plaintiff while walking between defendant's railroad tracks laid in a public street, a special finding that the injury was not wanton is not inconsistent with a general verdict for plaintiff, though the declaration avers wanton injury, where it also avers negligence, as the averment of wanton injury in such case is unnecessary.

2. ORDINANCES—*detached switch engine is within ordinance regulating freight locomotives and cars.* Evidence that a detached locomotive by which plaintiff was injured was a freight engine used in transferring cars from one road to another, is sufficient to bring it within the operation of an ordinance regulating the speed of freight locomotives and cars.

3. RAILROADS—*when walking in yards is not negligence per se.* The fact that plaintiff was walking between the tracks in defendant's yard, laid in a public street, over eight feet apart, does not constitute negligence *per se*, although there was a sidewalk and pavement free from tracks on one side of the street, where plaintiff, according to his custom, was seeking an employee who was on one of the yard engines, in order to deliver the employee's dinner.

4. SAME—*what not a private use of locomotive by employees.* A custom of yard employees, including the general yard-master, in using a switch engine to carry them a distance of over a mile to their dinner, is not such a private use of the locomotive as relieves the company from liability for accidents during its trip.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

CHARLES W. THOMAS, for appellant:

When, from the facts admitted or conclusively proved, there is no reasonable chance that reasonable minds would reach different conclusions as to negligence, it becomes a question of law. *Railway Co.* v. *Brown,* 152 Ill. 484; *Hoehn* v. *Railway Co.* 152 id. 223.

The burden of showing that he was in the exercise of ordinary care is upon the party seeking to recover for a personal injury occasioned by the alleged negligence of another.   *Calumet Iron Co.* v. *Martin*, 115 Ill. 358.

A bare scintilla of evidence is not enough to entitle a party to recover. *Simmons* v. *Railroad Co.* 110 Ill. 540; *Phillips* v. *Dickerson*, 85 id. 11; *Bartelott* v. *Bank*, 119 id. 259.

The master is not answerable for the act or neglect of his servant when doing something which the master has not ordered done, if he has not authorized the servant to exercise a discretion in determining what to do. *Smith* v. *Railroad Co.* 78 Hun, 524.

M. MILLARD, and F. C. SMITH, for appellee:

This case having been tried by a jury and the judgment affirmed by the Appellate Court, every controverted question of fact must be regarded as conclusively determined against the defendant; and every fact necessary to sustain the judgment against appellant is included in the presumption. *Bernstein* v. *Roth*, 145 Ill. 189; *Montgomery* v. *Black*, 124 id. 57.

A count in an action on the case may contain several acts of negligence, and more than one ground of recovery can be alleged.   *Steel Co.* v. *Schymanowski*, 162 Ill. 458.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant's locomotive ran over appellee in Front street, in the city of East St. Louis, causing the loss of his leg, and he recovered judgment for damages on account of his injury, under a declaration charging that it was caused by the negligence of defendant in not ringing the bell or sounding the whistle on the locomotive, and in running the same at a high and dangerous rate of speed and in violation of an ordinance of the city. The Appellate Court has affirmed the judgment.

Appellant occupied with its tracks the west part of Front street, a public street of the city of East St. Louis. One of its firemen employed on these tracks boarded with appellee's wife, and his dinner was carried to him at noon at the locomotive on which he might happen to be engaged, wherever it might be found along the tracks. On November 13, 1895, appellee came into this net-work of tracks with the fireman's dinner, and was walking north between two tracks hunting for the engine, when he was run over. It was raining and the wind was blowing from the north-west. The engine which ran over him was going north without any car, carrying employees of appellant in the yards to dinner, and came up behind him. He was struck by the beam, thrown upon the tracks and run over.

The following propositions are relied upon to reverse the judgment:

*First*—The court ought to have given judgment upon the special findings. The jury returned questions submitted at defendant's request, with their answers, as follows:

"Did the defendant's servants injure plaintiff willfully, wantonly or on purpose?"—"No."

"Was the plaintiff injured while walking on or between defendant's tracks?"—"Between."

The declaration alleged that the defendant negligently and wantonly caused the injury, and one of these special findings was that it was not caused wantonly. It is therefore insisted that judgment should have been entered for the defendant on that finding. It was conceded that the street occupied by defendant was a public street of the city of East St. Louis, and it is not now denied that plaintiff had a legal right to be where he was if he was exercising proper care. It was therefore not necessary to allege or prove that the injury was wantonly inflicted, provided the plaintiff was exercising ordinary care for his own safety. The general verdict was a finding that plaintiff was in the exercise of due care and diligence, as alleged in the declaration, and the special findings did

not include a finding that he was not in the exercise of
such care, and they were therefore not inconsistent with
the general verdict.   The fact that it was alleged in the
declaration that the injury was wantonly caused makes
no difference, because the declaration also alleged that
it resulted from defendant's negligence, and that aver-
ment was sufficient to sustain the general verdict.

Second—It is insisted that the court ought not to have
given an instruction to the effect that an ordinance of
the city prohibited the running of an engine at a speed
greater than six miles an hour, or to have admitted the
ordinance in evidence.   An ordinance of that character
applying to freight locomotives and cars was duly pleaded
in the declaration. It was held in *East St. Louis Connecting
Railway Co.* v. *O'Hara*, 150 Ill. 580, in construing this ordi-
nance, that it was broad enough to include any and all
vehicles on the tracks, and to embrace locomotive en-
gines, which are a species of cars.   Under that decision
the ordinance covers a detached locomotive like this.

There is a further objection in this case that the ordi-
nance limited passenger trains and cars to a speed of ten
miles an hour, and that this engine, being detached and
carrying employees to dinner, was either a passenger car
or belonged to neither class affected by the ordinance.
The evidence was that the engine was a freight engine,
used in the business of transferring cars along these
tracks from one road to another, and this was sufficient
to prove the class to which it belonged and to bring it
within the instruction given by the court.   It was not
then or at any time employed in the carriage of passen-
gers, in the ordinary sense.

*Third*—It is argued that the court ought to have taken
the case from the jury.   The motion to direct a verdict
was made at the close of the testimony for the plaintiff
and also at the close of all the evidence, and was denied
in each instance.   It is claimed that this was error, both
because plaintiff failed to show that he was in the exercise

of ordinary care, and because defendant's servants were not engaged in its business at the time of the accident, but were using the engine for private purposes—in going for their dinner. The ground for claiming that plaintiff was not in the exercise of ordinary care was, that on the east side of the street there is a sidewalk, and the part next east of the sidewalk is paved and free from tracks, and that he might have gone there instead of between the tracks. The evidence shows that he had legitimate business where he was. He was carrying dinner to a fireman employed by appellant, and was looking at the various engines to find the fireman or for a signal where he was. The fireman was accustomed to come out of the cab and give a signal with his hand, so that plaintiff would know where he was, and he might be found anywhere on the tracks. It was raining and the wind was blowing very hard. The tracks were eight feet ten inches apart between the rails, and he was walking there. Under these circumstances it cannot be said that a conclusion of negligence on his part necessarily follows, so that all reasonable minds would pronounce him deficient in the exercise of ordinary care.

The other claim, that defendant was not responsible on account of the use of the engine, is not sustainable. It appears to have been the custom for employees to make such use of the engine, and to take it on this trip of about a mile and a half to their dinner. At this time there were five men on the engine who had started for their dinner, and the general yard-master for defendant was standing opposite the Mobile and Ohio freight office waiting for the engine to come up to him, when he was going to get on and go with the others. The men had to go a considerable distance to dinner, and it does not seem to have been unreasonable that, as a part of defendant's business, it furnished the use of this engine for that purpose. The evidence justified the inference that this service of the engine was furnished to the laborers by an understanding

between them and defendant. It was not a private purpose of the servants in which defendant had no interest.

We do not deem the objections valid, and the judgment is affirmed.    *Judgment affirmed.*